# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

ISIX IP LLC,

      Plaintiff,

      vs.

BOOMI, LP, BOOMI, INC., DELL
TECHNOLOGIES INC., AND DELL
INC.,

      Defendants.

Civil Action No. 6:22-cv-275-ADA

**JURY TRIAL DEMANDED**

## <u>ORDER</u>

On this day, the Court heard Defendants Boomi, LP's and Boomi, Inc.'s (collectively, "Boomi") motion for a protective order, submitted via email pursuant to the Court's Order Governing Proceedings.

The parties' positions regarding the dispute and the requested relief are given in the following chart:

| Issue | Defendants' Position | Plaintiff's Position |
|---|---|---|
| Topic No. 3: [Boomi Stock Purchase Agreement] Stock Purchase Agreement by and between Bayshore Holdings 2021, L.P. and Dell Technologies Inc. | This topic seeks information irrelevant to the issue of improper venue raised in Boomi's motion to transfer, and is vastly overbroad.<br><br>The nearly 300-page Stock Purchase Agreement (SPA) was an agreement between third-party Bayshore Holdings 2021, L.P. and Dell Technologies Inc. that led to the sale of Boomi by Dell in October 2021 – six months before this | This is not about perusing a 300-page agreement at a deposition.  Isix identified key provisions of the SPA that are relevant to the venue question, but Boomi refused.<br><br>A threshold question in this case, which Boomi inexplicably refuses to answer, is whether the current |

| Issue | Defendants' Position | Plaintiff's Position |
|---|---|---|
| | suit was filed.  Significantly, Boomi is **not** party to the Stock Purchase Agreement.  Accordingly, any information relating to this Stock Purchase Agreement is irrelevant to the improper venue dispute before the Court as it sheds no light on whether Boomi has a regular and established place of business in this district.<br><br>Isix alleges that this deposition discovery is needed to explore a joint agency theory between Boomi and Dell for which there is no basis.  Through extensive venue discovery, Plaintiff has already received the SPA, Boomi's sales agreements with Dell, and the closing documents from the sale of Boomi by Dell Technologies in 2021.  Boomi has further agreed to produce a witness to testify about the nature of the business relationship between Boomi and Dell, the roles played by Dell and Boomi with regards to the sales of the Boomi accused product to customers, and the degree (if any) of control exercised by Boomi over Dell with regards to the sales of Boomi accused product as of the filing date of the Complaint.  Despite having the agreements and an offer of testimony about the nature of the relationship between Dell and Boomi, Plaintiff seeks, through this topic, to find out what acts Boomi has undertaken to comply with any obligations pursuant to the SPA that Boomi never negotiated or signed.<br><br>During the meet and confer, Plaintiff *broadened* this Topic beyond the nearly 300-page SPA to sweep in any acts Boomi and Dell have each undertaken | Boomi entity has any liability for infringing Isix's patent.  All accused acts of infringement occurred while Boomi was integrated in Dell and operated from the Boomi offices on the Dell campus in Round Rock.  Isix has asked Boomi whether Dell is solely liable for its own acts when Boomi was part of the company or, under the SPA, Boomi assumed all of Dell's liability.  Boomi has been unwilling to answer that basic question, so Isix intends to take discovery about that issue and how it may be affected by the terms of the SPA.<br><br>A second reason the topic is appropriate for venue discovery is that certain terms of the SPA establish a joint enterprise, which means for venue purposes that the situs of that joint enterprise here in Central Texas supports venue.  The SPA is an express agreement between Dell and Boomi for a common purpose, provides a shared pecuniary interest in marketing the Boomi software, and provides for a shared voice in the direction of their enterprise.  *See, Akamai Techs., Inc. v. Limelight Networks, Inc*., 797 F.3d at 1020, 1023  (Fed. Cir. 2015).  For example, under the SPA, Boomi must provide |

| Issue | Defendants' Position | Plaintiff's Position |
|---|---|---|
|  | pursuant to 6 additional agreements that are ancillary to the SPA.  Regarding any contractual "obligations," those answers are found in the agreements, not deposition testimony.  And what acts Boomi has undertaken to comply with any provisions of these 6 agreements (1) raises privilege issues regarding what acts were necessary under those agreements and (2) is far too broad in scope, as Isix also refuses to limit this Topic to activities related to the accused products or to identify any particular portions it may be interested in any of these six agreements.  Asking a witness to prepare with respect to hundreds of pages of contracts and comment on whether Boomi and Dell have complied with or are in breach of their commitments is far too burdensome, particularly given its lack of relevance to venue.<br><br>Lead counsel for the parties met and conferred on this issue on August 26, 2022.<br><br>Relief: Protective Order that "Plaintiff Isix IP LLC cannot depose a witness on Topic No. 3: [Boomi Stock Purchase Agreement] Stock Purchase Agreement by and between Bayshore Holdings 2021, L.P. and Dell Technologies Inc." | funding for Dell to reimburse Dell for the cost of Dell hiring resources to handle Dell's business regarding Boomi's products.  Evidence of Boomi's actual conduct in compliance with the SPA and Boomi's shared control and obligations to Dell in the context of their joint enterprise are directly relevant to venue.<br><br>Finally, that the SPA is voluminous does not support the issuance of a protective order.  "Even if the documents are voluminous and the review of these documents would be burdensome, the deponents are still required to review them in order to prepare themselves to be deposed."  *Calzaturficio S.C.A.R.P.A. v. Fabiano Shoe Co., Inc.,* 201 F.R.D. 33, 37 (D. Mass. 2001).<br><br>Relief:  Deny the Requested Relief |

Having considered the parties' submissions, argument, and the record in this

case, the Court denies Defendant Boomi's motion for a protective order regarding

Plaintiff's Rule 30(b)(6) Topic Number 3 [Boomi Stock Purchase Agreement]

Stock Purchase Agreement by and between Bayshore Holdings 2021, L.P. and Dell

40943\15034224.6

Technologies, Inc.

The Court ORDERS that Plaintiff provide to Boomi the discrete areas on which Isix intends to question the witness consisting of a very specific and pointed list of topics down to the categorical question level.The questioning shall be limited to Topic No. 3, specifically  (1) identification of "Shared Contracts" as defined in the Stock Purchase Agreement, to the extent any exist, and the business conducted with them and revenue shared; (2) the resources that Boomi provides to Dell and that Dell provides to Boomi in support of the "Shared Contracts" as defined in the Stock Purchase Agreement; (3) services Boomi received from Dell under the Transition Services Agreement, to the extent any exist, and (4) conduct of Dell and Boomi in furtherance of their business under the Agreements.  The Court further ORDERS Boomi to provide one or more witnesses for deposition to testify as to those specific topics.  Such deposition will be limited to those specific topics, and Plaintiff's deposition time for these topics shall not exceed 2 hours and 49 minutes.

IT IS FURTHER ORDERED, that Plaintiff's deadline to file its opposition to Defendant's motion for improper venue and transfer (ECF 17) shall be one week after the conclusion of the Boomi deposition, and the remaining deadlines will be adjusted accordingly.

SO ORDERED this 22nd day of September 2022.

DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE

40943\15034224.6